IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION



| | |
|---|---|
| SYLVIA DURAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. **JUDGE DAVID GUADERRAMA** |
| | ) |
| WAL-MART STORES, INC. aka | ) |
| WAL-MART STORES TEXAS LLC | ) |
| | ) **EP15CV0025** |
| Defendant. | ) |

**DEFENDANT WAL-MART STORES TEXAS, LLC'S NOTICE OF
REMOVAL FROM STATE COURT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES Wal-Mart Stores Texas, LLC, a Defendant in the above-referenced matter, and pursuant to 28 U.S.C. §§ 1441 and 1446, file this notice of removal of the action described below from the 448th District Court of El Paso County, Texas, to this Honorable Court.

**I. Procedural Background**

1.   This action was commenced on January 8, 2015 by SYLVIA DURAN ("Plaintiff"), by filing Plaintiff's Original Petition in the 327th Judicial District Court of El Paso County, Texas, styled *Sylvia Duran v. Wal-Mart Stores, Inc. aka Walmart Stores Texas LLC*, Cause No. 2015DCV0047 (the "State Court Action").

2.   The Plaintiff brought this suit alleging premises liability and negligence arising out of a slip and fall.

3. Plaintiff served CT Corporation Systems as a Registered Agent of Wal-Mart Stores Texas, LLC by certified mail on January 23, 2015. This notice of removal is filed within thirty days and is, therefore, timely filed pursuant to 28 U.S.C. § 1446(b).

4. The United State District Court for the Western District of Texas, El Paso Division, is the District Court and Division for the district that includes El Paso County, Texas, where the State court action is currently pending. *See* 28 U.S.C. § 103(4).

5. Defendant Wal-Mart Stores Texas LLC concurrently with the filing of this petition, has given written notice of the filing of this Notice of Removal to all parties of record and to the Clerk of the District Court, in El Paso County, Texas.

6. Pursuant to 28 U.S.C. § 1446, documents filed in the state court in the District Court Action are attached to this Notice of Removal as Exhibit "A" and are incorporated herein by reference for all purposes.

7. Defendant Wal-Mart Stores Texas LLC expressly reserves the right to raise all defenses and objections to Plaintiff's claims or to otherwise plead after the action is removed to the above Court.

## II. Amount in Controversy is Met.

8. The amount of damages in controversy as alleged by Plaintiff exceeds the minimum diversity jurisdictional requirement of a United States District Court. Plaintiff seeks "monetary relief of over $100,000 but not more than $200,000" (Plaintiff's Original Petition at ¶ 5).

## III. Complete Diversity Exists.

9. Plaintiff is a citizen of Texas.

10.     Defendant Wal-Mart Stores Texas, LLC is a limited liability company registered in Bentonville, Arkansas with its principal place of business in Bentonville, Arkansas.

11.     Defendant Wal-Mart Stores Texas LLC demanded and paid for a jury trial in the state court, and hereby requests a jury trial in this Court.

WHEREFORE, PREMISES CONSIDERED, Defendant Wal-Mart Stores Texas, LLC, prays that this Court accept this Notice of Removal for filing in accordance with the provisions of 28 U.S.C. § 1441, *et. seq.*, and grant any other relief to which Defendant Wal-Mart Stores Texas, LLC may be justly entitled.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas  79999-1977
Phone:  (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com

By: _____
Laura Enriquez
State Bar No. 00795790

Attorneys for Defendant

## CERTICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this 5 day of February 2015, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21 (f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a (a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a (a)(2).

The following parties or attorney(s) are served with the foregoing document:

Stewart W. Forbes
711 Myrtle Ave.
El Paso, Texas 799021
Fax: 915/533-7441
swforbes@forbelawoffice.com

_____
Laura Enriquez

14475.258 / 1198484



# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:  **Wal-Mart Stores, Inc. aka Wal-Mart Stores Texas, LLC**, which may be served with process through **its registered agent CT CORPORATION SYSTEM at 1999 BRYAN ST., SUITE 900, DALLAS, TEXAS 75201-3136**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **327th District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 8th day of January, 2015, by Attorney at Law STEWART W. FORBES, 711 MYRTLE AVE., EL PASO, TX 79901 in this case numbered **2015DCV0047** on the docket of said court, and styled:

**Sylvia Duran**
**vs.**
**Wal-Mart Stores, Inc. aka Wal-Mart Stores Texas, LLC**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 16th day of January, 2015.

Attest: NORMA L. FAVELA, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA L. FAVELA**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

_____, Deputy
Virginia Gonzalez

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL
I hereby certify that on the 20 day of Jan, 2015 at 4pm I mailed to Wal-Mart Stores Inc. aka Wal-Mart Stores Texas, LLC by serving CT Corporation System Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition attached thereto.

R Cervantes
Agent
TITLE

*NAME OF PREPARER   Legal Net Process Service   TITLE
ADDRESS   1444 Montana Ave. Ste 210
El Paso, Texas 79902
CITY              STATE              ZIP



EXHIBIT
A

## RETURN OF SERVICE

Delivery was completed on _____, delivered to_____
_____ as evidence by Domestic Return Receipt PS Form 3811 attached hereto.

    The described documents were not delivered to the named recipient. The certified mail envelope was returned undelivered marked _____.

    This forwarding address was provided:_____

El Paso County, Texas

By:_____
Deputy District Clerk

OR

_____
Name of Authorized Person

By:_____

## VERIFICATION BY AUTHORIZED PERSON

State of Texas
County of El Paso

    Before me, a notary public, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and correct."

Subscribed and sworn to be on this _____ day of _____, _____.

Notary Public, State of _____
My commission expires:_____

El Paso County - 327th District Court

Filed 1/8/2015 2:55:12 PM
Norma L. Favela
District Clerk
El Paso County
2015DCV0047

| | |
|---|---|
| SYLVIA DURAN <br> Plaintiff, § <br> § <br> v. § <br> § <br> WAL-MART STORES, INC. aka § <br> WAL-MART STORES TEXAS LLC § <br> Defendant § | Cause No. _____ |

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES, SYLVIA DURAN, hereinafter called Plaintiff, complaining of and about WAL-MART STORES, INC., aka WAL-MART STORES TEXAS, LLC., hereinafter called Defendant Wal-Mart, and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level Two.

### PARTIES AND SERVICE

2. Plaintiff, Sylvia Duran, is an Individual who resides in El Paso, Texas.

3. Defendant, Wal-Mart, may be served by its registered agent CT CORPORATION SYSTEM, at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136, or wherever they may be found. Service of said Defendant as describe above can be affected by certified mail, return receipt requested.

### JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. Plaintiff seeks monetary relief of over $100,000 but not more than $200,000,, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

6. This court has jurisdiction over the parties because Defendants are doing business in the State of Texas.

7. Venue in EL PASO County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

8. On or about June 9, 2014 at approximately 10:30 a.m, the Plaintiff, Sylvia Duran was a patron at the Defendant's, Wal-Mart Neighborhood Market, Store #5108 located at 3000 Saul Kleinfeld, Dr., El Paso, Texas 79936. Plaintiff was exiting the restroom near the pharmacy area of the store. As she opened the door of the restroom prepared to exit, she slipped on water and/or a substance and subsequently fell.

9. Sylvia Duran's bodily injuries occurred as a direct result of a fall that was proximately caused by the dangerous condition described above, which Defendant knew of, or in the exercise of ordinary care, should have known existed.

## LIABILITY OF WAL-MART STORES, INC. aka WAL-MART STORES TEXAS LLC

10. At all times mentioned herein, Defendant, Wal-Mart owned and was in possession and control the property in question, referred to as Wal-Mart Neighborhood Market, Store #5108, located at 3000 Saul Kleinfeld, Dr., El Paso, Texas 79936.

11. At all times mentioned herein, Wal-Mart had such control over the premises in question that Wal-Mart owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

12. Defendant Wal-Mart, Defendant's agents, servants, and employees negligently permitted water and/or a substance to spill, leak and/or cover the bathrooms and surrounding areas, to include the entry and exit and hallway/walkway leading/coming to/from, and negligently or willfully allowed such condition to continue and negligently or willfully failed to warn Plaintiff of the condition of the area and/or floor. This condition existed despite the fact that Wal-Mart or Defendant's agents knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to Plaintiff.

13. Furthermore, Plaintiff would show the court that the condition of the floor of the bathrooms and surrounding area, to include the entry and exit and hallway/walkway leading/coming to/from had continued for such period that, had Wal-Mart or Defendant's agents exercised ordinary care in the maintenance of the bathrooms, floor and/or surrounding areas, to include the entry and exit and hallway/walkway leading/coming to/from, it would have been noticed and corrected by such persons.

14. At all times pertinent herein, Wal-Mart and any of Defendant's agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

    a. Failing to properly inspect and maintain the bathrooms floors and surrounding areas, to include the entry and exit and hallway/walkway leading/coming to/from in question to discover the dangerous condition;

b. Failing to maintain the bathrooms floors and surrounding areas, to include the entry and exit and hallway/walkway leading/coming to/from in a reasonably safe condition;

c. Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the bathrooms floors and surrounding areas, to include the entry and exit and hallway/walkway leading/coming to/from;

d. Failing to give warnings to Plaintiff of the unsafe condition;

e. Failing to remove the water causing the slip and fall;

f. Failing to organize, clean, or maintain the bathroom floors and surrounding areas, to include the entry and exit and hallway/walkway leading/coming to/from causing the slip and fall;

g. Failing to discover and fix, remove, clean and/or maintain the bathroom floors and surrounding areas, to include the entry and exit and hallway/walkway leading/coming to/from within a reasonable time; and

## PROXIMATE CAUSE

15. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## DAMAGES FOR PLAINTIFF, SYLVIA DURAN

16. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff, Sylvia Duran was caused to suffer

damages to her neck, shoulder, wrist, arm, hip, side and to endure anxiety, pain, and suffering resulting in damages more fully set forth below.

17. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Sylvia Duran has incurred the following damages:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Sylvia Duran for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in El Paso County, Texas;

   b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

   c. Physical pain and suffering in the past;

   d. Mental anguish in the past;

   e. Mental anguish in the future;

   f. Physical impairment in the past;

   g. Loss of earnings in the past;

   h. Fear of future disease or condition; and

18. By reason of the above, Plaintiff, Sylvia Duran has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Sylvia Duran, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount

within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

            Respectfully Submitted

            FORBES & FORBES
            711 Myrtle Ave.
            El Paso, Texas 79901
            (915) 533-5441 Telephone
            (915) 533-7441 Facsimile

By: _____
     STEWART W. FORBES
     State Bar No. 07223000
     swforbes@forbelawoffice.com
     Attorney for Plaintiff

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

Case 3:15-cv-00025-DCG   Document 1   Filed 02/05/15   Page 13 of 18

El Paso County - 327th District Court
Filed 2/3/2015 3:59:46 PM
Norma L. Favela
District Clerk
El Paso County
2015DCV0047

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
327TH JUDICIAL DISTRICT COURT

| | |
|---|---|
| SYLVIA DURAN, ) | |
| Plaintiff, ) | |
| v. ) | Cause No. 2015DCV0047 |
| WAL-MART STORES, INC. aka ) | |
| WAL-MART STORES TEXAS LLC ) | |
| Defendant. ) | |

## DEFENDANT WAL-MART STORES TEXAS, LLC'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Defendant, WAL-MART STORES TEXAS, LLC ("incorrectly named in style as "WAL-MART STORES, INC. aka WAL-MART STORES TEXAS LLC") and files its Original Answer to Plaintiff's Original Petition ("Petition") and in support thereof would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant WAL-MART STORES TEXAS, LLC denies all material allegations contained in Plaintiff's Petition and demands strict proof thereof as required by law.

### II.
### DEFENSES

A.  The acts and omissions of certain non-parties to this lawsuit were the sole proximate cause of the occurrence and any alleged injuries or damages claimed by Plaintiff.

B.  To the extent Plaintiff suffered any injuries or damages as described in Plaintiff's Petition which Defendant denies, those injuries and damages were proximately caused by the acts or

14475.258/LENR/1198478

omissions of persons and/or entities over whom Defendant had no control and for whom it has no liability.

C.  Plaintiff's injuries and damages, if any, may have resulted from pre-existing and/or unrelated condition(s), and thus were not proximately caused by the occurrence made the basis of this lawsuit.

D.  Plaintiff's injuries and damages, if any may have resulted from subsequent events or conditions that constitute new and intervening causes, which were not proximately caused by Defendant.

E.  Plaintiff's injuries and damages, if any, may have been the result of an unavoidable accident as that term is defined and recognized by law.

F.  The injuries and damages sustained by Plaintiff, if any, can be attributed to several causes and accordingly should be apportioned among the various causes according to the respective contributions of such causes to the harm sustained.

### III.

### AFFIRMATIVE DEFENSES

In the alternative, and without waiving the foregoing, Defendant asserts the following affirmative defenses:

A.  Plaintiff's injuries and damages, if any, may have been proximately caused by Plaintiff's own negligence, which bars recovery or, in the alternative, reduces its proportionately.

B.  To the extent Plaintiff failed to act reasonably to mitigate alleged damages, if any, Defendant is not responsible for any damages that could have been avoided.

C.  Defendant pleads Texas Civil Practice and Remedies Code Section 41.0105, which limits Plaintiff's recovery of medical expenses.

14475.258/LENR/1198478

D.  Defendant pleads the provisions of the Texas Finance Code, Section 304.1045, which prohibits the recovery of prejudgment interest on any award of future damages.

E.  Defendant pleads all limitations on damages under Chapter 41 of the Civil Practice and Remedies Code, and all limitations on punitive damages under the United States Constitution including Defendant's right under the due process clause and under the 8th Amendment and under the Texas Constitution.

## IV.
## JURY DEMAND

Defendant requests trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** the Defendant WAL-MART STORES TEXAS, LLC prays to the Court that it be allowed to go hence without day and with its costs.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas  79999-1977
Phone:  (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com

By: _____
      ura Enriquez
      State Bar No. 00795790

Attorneys for Defendant

14475.258/LENR/1198478

## CERTICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this 3 day of February 2015, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21 (f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a (a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a (a)(2).

The following parties or attorney(s) are served with the foregoing document:

Stewart W. Forbes
711 Myrtle Ave.
El Paso, Texas 799021
Fax: 915/533-7441
swforbes@forbelawoffice.com

L_____riquez

14475.258/LENR/1198478

El Paso County - 327th District Court

Filed 2/3/2015 3:59:46 PM
Norma L. Favela
District Clerk
El Paso County
2015DCV0047

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
327TH JUDICIAL DISTRICT COURT

| | |
|---|---|
| SYLVIA DURAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WAL-MART STORES, INC. aka )<br>WAL-MART STORES TEXAS LLC )<br>)<br>Defendant. ) | Cause No. 2015DCV0047 |

### DEFENDANT'S SUBMISSION OF FEE FOR TRIAL BY JURY

**TO THE DISTRICT CLERK:**

Defendant WAL-MART STORES TEXAS, LLC having filed with the clerk of the court a written request for jury trial in compliance with Texas Rule of Civil Procedure 216(a), herewith deposits with the clerk the jury fee of THIRTY DOLLARS ($30.00). The clerk, pursuant to Texas Rule of Civil Procedure 216(b), is requested to promptly enter a notation of payment of such fee upon the court's docket sheet.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas  79999-1977
Phone:  (915) 532-2000
Telefax: (915) 541-1597
enriquez@mg____.com

By: _____
       ___ra Enriquez
       State Bar No. 00795790

Attorneys for Defendant

**CERTICATE OF SERVICE**

In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this 3 day of February 2015, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21 (f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a (a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a (a)(2).

The following parties or attorney(s) are served with the foregoing document:

Stewart W. Forbes
711 Myrtle Ave.
El Paso, Texas 799021
Fax: 915/533-7441
swforbes@forbelawoffice.com

_____
ra Enriquez